**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VALERIE FLORES,

Plaintiff,

v. 1:26-cv-00123 (AMN/ML)

ADA JAMES PLACE, *also known as Passages*,

Defendant.

---

**APPEARANCES:** **OF COUNSEL:**

**VALERIE FLORES**
P.O. Box 1110 ACP 5749
Albany, NY 12201
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On January 26, 2026, plaintiff *pro se* Valerie Flores ("Plaintiff") commenced this action against defendant Ada James Place ("Defendant"), alleging violations of her rights. Dkt. No. 1 ("Complaint"). Plaintiff also moved to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, and for the appointment of counsel, Dkt. No. 3.

This matter was referred to United States Magistrate Judge Miroslav Lovric, who, on February 23, 2026, denied Plaintiff's IFP application as incomplete and denied Plaintiff's motion seeking the appointment of counsel as inappropriate. Dkt. Nos. 5-6. After Plaintiff filed an amended motion to proceed IFP on March 9, 2026, Magistrate Judge Lovric directed Plaintiff to file another amended IFP form to clarify certain of her representations. Dkt. Nos. 11-12. On April 3, 2026, Plaintiff submitted a letter motion for Magistrate Judge Lovric to recuse himself from the

case, which Magistrate Judge Lovric denied that same day. Dkt. Nos. 13-14. On April 20, 2026, Plaintiff filed a second amended motion to proceed IFP. Dkt. No. 15.

On September 9, 2026, Magistrate Judge Lovric granted Plaintiff's second amended motion to proceed IFP and reviewed the Complaint pursuant to 28 U.S.C. § 1915. Dkt. No. 17 ("Report-Recommendation"). Magistrate Judge Lovric recommended that this Court dismiss the Complaint without leave to amend. *Id.* at 9.[1] Magistrate Judge Lovric specifically advised that Plaintiff was not to amend her complaint prior to this Court's ruling on the Report-Recommendation. *Id.* Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Lovric also advised that the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within those fourteen days would preclude appellate review. *Id.* at 10. On September 28, 2026, Plaintiff filed an untimely objection. Dkt. No. 18.[2]

For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). When a party files "[g]eneral or conclusory objections, or

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[2] Plaintiff also styles her objection as a notice of appeal. *See id.*

objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court also reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

After reviewing Plaintiff's untimely objection, the Court finds that it fails to substantively respond to the Report-Recommendation and therefore asserts no error in Magistrate Judge Lovric's findings or recommendations. *See* Dkt. No. 18 at 1. Accordingly, the Court reviews the Report-Recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29; *Caldwell*, 2022 WL 16918287, at *1.

Magistrate Judge Lovric recommended that the Court dismiss Plaintiff's Complaint as frivolous. Dkt. No. 17 at 4-5. After affording the Complaint a liberal reading, Magistrate Judge Lovric noted that it "woefully lack[ed] factual allegations sufficient to plausibly suggest any cause of action." *Id.* at 4. Indeed, on the face of the Complaint, Plaintiff appears to assert a discrimination claim but rests that assertion on the allegations that "two individuals were rude to her over the phone" and that both individuals were named Kayla. *Id*. at 4-5 (citing Dkt. No. 1 at 5). Magistrate Judge Lovric found that Plaintiff's allegations were "attenuated and fanciful" and thus "wholly incredible 'whether or not there are judicially noticeable facts available to contradict them.'" *Id.* at 5 (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

In the alternative, Magistrate Judge Lovric also recommended that the Court dismiss the Complaint for failure to state a claim on which relief may be granted. *Id.* at 5-7. Specifically, Magistrate Judge Lovric noted that the Complaint purports to bring its claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), but fails to allege facts plausibly suggesting that Plaintiff was subject to consumer debt collection, that Defendant is a debt collector, or that Defendant engaged in any violation of the FDCPA. *Id.* at 5-6; *see also* Dkt. No. 1 at 3-5. Additionally, to the extent that the Complaint could be construed as claiming discrimination against Plaintiff as a member of a protected class, Magistrate Judge Lovric found that even if

Plaintiff was a member of such a class, she failed to link that fact to any Defendant action that could raise the possibility of discrimination. *Id.* at 6. Finally, to the extent that the Complaint could be construed as raising any state law claims, Magistrate Judge Lovric recommended that the Court decline to exercise supplemental jurisdiction over such claims. *Id.* at 7.

As to leave to amend, Magistrate Judge Lovric explained that a court "should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Id.* at 7-8 (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). "However, an opportunity to amend is not required . . . where 'the problem with [the plaintiff's] causes of action is substantive' such that 'better pleading will not cure it.'" *Id.* at 7 (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Having found the Complaint to be frivolous and that it failed to state a claim on which relief may be granted, Magistrate Judge Lovric further found that better pleading could not cure its deficiencies and therefore recommended that the Court deny leave to amend as futile. Dkt. No. 17 at 8.

After review, the Court finds no error in Magistrate Judge Lovric's conclusions as to dismissal or leave to amend. Accordingly, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 17, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, be **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 13, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge